# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODGER NUNLEY, #N20546, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )    Case No. 19-cv-01085-NJR ) |
| MENARD CORRECTIONAL CENTER, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Rodger Nunley is an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). Nunley wrote a letter to one of the Judges in the United States District Court, Central District of Illinois (CDIL), complaining about a lack of medical treatment that he has experienced at Menard. (*Id.*). Out of an abundance of caution, the CDIL construed Nunley's letter as his intent to file a lawsuit, opened a case on his behalf, and transferred the case to this Court because Menard is located in this judicial district. (Doc. 3). This matter is now before the Court for case management following transfer.

It is not clear whether Nunley intended to file a lawsuit when he submitted his letter to the CDIL. Even if he did so intend, this action has not been properly initiated. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. No complaint has been filed, and the instant filing cannot be considered an adequate complaint. First, the filing does not name a party who is capable of being sued in a Section 1983 action for alleged violations of constitutional rights. The only named defendant is Menard, which is a division of the Illinois Department of Corrections, a state government agency not subject to suit under Section 1983. *Will v. Mich. Dep't*

1

of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Further, the filing fails to include a specific request for relief. Rule 8(a)(3) requires "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8. Instead, the letter seeks the Court's "help" and asks "what do I do" with regard to alleged violations of Nunley's constitutional rights. While *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to general dispensation from the rules of procedure. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Additionally, a party initiating civil litigation is required to either pay the filing fee or file a motion requesting *in forma pauperis* status. Nunley has done neither.

Furthermore, even if this case had been properly initiated, it would not survive review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). 28 U.S.C. § 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what the defendant did or failed to do that violated the plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Nunley does not identify any individuals that have denied him medical treatment or describe what medical treatment he has requested that has been denied.

Accordingly, **IT IS HEREBY ORDERED** that this action **will be dismissed** unless a complaint is filed by **November 4, 2019**. Further, with the filing of a complaint, the full filing fee of $400.00 must be paid or a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") filed

along with a certified copy of a Trust Fund Statement for the 6-month period immediately preceding the filing of this action. Failure to do so will **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b). To enable Nunley to comply with this Order, the Clerk of Court is **DIRECTED** to provide him with both a complaint form appropriate to a 42 U.S.C. § 1983 action and a blank form IFP motion.

Finally, Nunley is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 8, 2019

s/ *Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**