# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODGER NUNLEY, #N20546, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-01085-NJR ) |
| MENARD CORRECTIONAL CENTER, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Rodger Nunley is an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). This case was initiated by a letter filed in the Central District of Illinois (CDIL) complaining about a lack of medical treatment that Nunley has experienced at Menard. (*Id.*). Out of an abundance of caution, the CDIL construed Nunley's letter as his intent to file a lawsuit, opened a case on his behalf, and transferred the case to this Court, because Menard is located in this judicial district. (Doc. 3).

On October 8, 2019, the Court found that this case had not been properly initiated because the letter could not be considered an adequate complaint. (Doc. 6). The only named defendant was Menard, which is a division of the Illinois Department of Corrections, a state government agency not subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Further, the filing failed to include a specific request for relief. FED. R. CIV. P. 8. ("[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."). Additionally, Nunley had not paid the filing

fee or filed a motion requesting *in forma pauperis* status. Finally, the Court found that the letter would not survive review under 28 U.S.C. § 1915A.

The Court directed that that this action would be dismissed unless a complaint was filed by November 4, 2019. Further, with the filing of a complaint, the full filing fee of $400.00 was to be paid or a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") filed along with a certified copy of a Trust Fund Statement for the 6-month period immediately preceding the filing of this action. Nunley was advised that failure to do so would result in dismissal of this action under Federal Rule of Civil Procedure 41(b). Thereafter, Nunley sought an extension of time to file a complaint. His request was granted, and he was ordered to file a complaint by December 4, 2019, or the case would be dismissed.

On October 31, 2019, Nunley filed a letter (Doc. 9), which the Court construes as his attempt to file a Complaint. The letter suffers from the same deficiencies as the letter that initiated this action. First, the letter cannot be considered an adequate complaint. Second, the only defendant he names is Menard, which is not subject to suit under Section 1983. Third, he fails to include a specific request for relief. Fourth, the letter would not survive review under 28 U.S.C. § 1915A. In fact, the second letter offers less information than the first letter.

Accordingly, **IT IS HEREBY ORDERED** that this action **will be dismissed** unless a complaint is filed by **December 4, 2019**. Further, Nunley is reminded that the full filing fee of $400.00 must be paid or a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") filed along with a certified copy of a Trust Fund Statement for the 6-month period immediately preceding the filing of this action by **November 4, 2019**. Failure to do so will **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b). To enable Nunley to comply with this

Order, the Clerk of Court is **DIRECTED** to provide him with both a complaint form appropriate to a 42 U.S.C. § 1983 action and a blank form IFP motion.

Finally, Nunley is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 1, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**